FILED

2013 JUL -1  P 2: 20

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DIST. OF CALIFORNIA

Denise Hulett, SBC No. 121553
Fernando Flores, SBC No. 256193
Charlotte Noss, SBC No. 274647
LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, California 94104-4244
Telephone:  (415) 864-8848
Facsimile:  (415) 593-0096

Jessica Stender, SBC No. 270025
CENTRO DE LOS DERECHOS DEL MIGRANTE, INC.
Calle Zamora #169, Interior 4
Col. Condesa, Del. Cuauhtémoc
México, DF, C.P. 06140 MÉXICO
Telephone from USA: (800) 401-5901
Telephone from Mexico: (800) 590-1773
Facsimile: (011-52-55) 5212-2260

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

DMR

| | |
|---|---|
| JOHN DOE I, and JOHN DOE II, | ) **CV 13 3027** |
| Plaintiffs, | ) |
| | ) **COMPLAINT FOR DECLARATORY** |
| v. | ) **RELIEF AND DAMAGES FOR** |
| | ) **VIOLATIONS OF THE FAIR LABOR** |
| BUTLER AMUSEMENTS, INC., | ) **STANDARDS ACT; CALIFORNIA LABOR** |
| | ) **CODE; CALIFORNIA BUSINESS &** |
| Defendant. | ) **PROFESSIONS CODE § 17200** |
| | ) |
| | ) **[DEMAND FOR JURY TRIAL]** |
| | ) |
| | ) |
| | ) |

## INTRODUCTION

1.    This is an action for relief from Defendant's violations of Plaintiffs' workplace rights under federal wage and hour laws, and the state employment laws of California.

2.    Plaintiffs JOHN DOE I and JOHN DOE II worked for Defendant BUTLER AMUSEMENTS, INC. as carnival guestworkers under the Department of Labor's H-2B Temporary Work Visa program.  Plaintiffs assembled, operated, maintained, dismantled, and transported rides and attractions in their work for Defendant.  They worked at fairs and carnivals across various Western states, including California, Nevada, Arizona, and Idaho.  At various points during their employment, Defendant paid Plaintiffs a fixed weekly wage regardless of the hours they worked in the performance of their duties.   Plaintiffs often worked upwards of seventy (70) to eighty (80) hours a week, and were paid wages as low as $5.00 an hour for their work.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*

4.    This Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the amount in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.  Both Plaintiffs are citizens of Mexico.  Defendant is a citizen of California, as it is incorporated in California under the laws of California and has its principal place of business in California.

5.    This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' claims form part of the same case or controversy under Article III of the United States Constitution.  Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical.  Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

6.    Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(d), venue is proper in the Northern District of California because Defendant is a California Corporation, conducts substantial business and commercial activities in this District, has business offices and employees subject to the jurisdiction of this District, and many of the unlawful employment practices alleged herein giving

1  rise to Plaintiffs' claims occurred in Alameda, Marin, Mendocino, Monterey, San Mateo, Santa

2  Clara, and Sonoma counties in this District.

## NATURE OF THIS ACTION

4      7.    Plaintiffs bring this claim to seek redress for violations of the Fair Labor Standards Act

5  ("FLSA"), 29 U.S.C. § 201, *et seq.*; violations of California Labor Code, Business and Professions

6  Code § 17200, California's Industrial Welfare Commission ("IWC") MW-2007 and Wage Order 10-

7  2001, and breach of California's contract law.

8      8.    This action is brought by Plaintiffs to secure declaratory relief and damages to remedy

9  Defendant's violations of federal and state employment laws, and to secure restitution to remedy

10  Defendant's commission of unfair, unlawful, and fraudulent business practices under state law.

## PARTIES

12      9.    Plaintiffs JOHN DOE I and JOHN DOE II (collectively, the "Plaintiffs") are citizens of

13  Mexico who reside permanently in Mexico.  Mr. John Doe I was employed by Defendant from on or

14  about February 2003 until on or about October 2010.  Mr. John Doe II was employed by Defendant

15  from on or about February 2004 until on or about October 2010.  At all relevant times herein,

16  Plaintiffs were non-exempt employees.

17      10.    Prior to hiring Plaintiffs as H-2B visa guestworkers from outside the United States,

18  Defendant BUTLER AMUSEMENTS, INC. was required to apply for and obtain Temporary Labor

19  Certification from the U.S. Department of Labor.  Upon approval, Defendant submitted a petition to

20  the U.S. Citizenship and Immigration Services requesting H-2B visas.  At all relevant times herein,

21  Plaintiffs worked in the United States for Defendant as temporary guestworkers on valid H-2B visas.

22      11.    Defendant BUTLER AMUSEMENTS, INC. is, on information and belief, a California

23  corporation and conducts business and owns properties across the state of California.  According to

24  California Secretary of State filing information, Defendant's principal place of business in California

25  is 1006 Travis Boulevard, Fairfield, CA 94533.  According to that same filing, Defendant's

26  registered agent for service of process is Martin Deutsch, located at 440 North First Street, Suite 200,

27  San Jose, CA 95112.  On information and belief, Defendant also conducts business at 1385 Dry

28

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
THE CALIFORNIA LABOR CODE AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

3

1   Creek Road, Campbell, CA 95008.

2       12.     Defendant BUTLER AMUSEMENTS, INC., upon information and belief, conducted

3   business in Alameda, Butte, Fresno, Glenn, Imperial, Indio, Inyo, Kern, Marin, Mendocino, Merced,

4   Monterey, Nevada, Orange, Placer, Riverside, Sacramento, San Diego, San Mateo, San Joaquin,

5   Santa Barbara, Santa Clara, Shasta, Solano, Sonoma, Stanislaus, and Tulare Counties, California;

6   Maricopa County, Arizona; Ada and Bingham Counties, Idaho; and Clark County, Nevada.

7       13.     Plaintiffs are informed and believe, and thereon allege, that Defendant BUTLER

8   AMUSEMENTS, INC., at all relevant times herein, was Plaintiffs' employer within the meaning of

9   the federal Fair Labor Standards Act, the California Labor Code, and the California Business &

10  Professions Code.  At all relevant times herein, Defendant employed Plaintiffs to assemble,

11  dismantle, operate, move, and maintain its amusement rides, as well as perform other job duties as

12  assigned.

13      14.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts or

14  omissions alleged herein were performed by, and/or attributable to, Defendant.

15                              **STATEMENT OF THE FACTS**

16      15.     Defendant BUTLER AMUSEMENTS, INC. provides rides, attractions, games and

17  food concessions at carnivals across various Western states, including California, Nevada, Arizona,

18  and Idaho, among other states.

19      16.     Defendant BUTLER AMUSEMENTS, INC. has an annual gross volume of sales

20  and/or performs business exceeding $500,000.00 per year.

21      17.     Defendant BUTLER AMUSEMENTS, INC. operates year-round.

22      18.     Plaintiff JOHN DOE I was employed by Defendant BUTLER AMUSEMENTS, INC.

23  as a guestworker on H-2B temporary visas in 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

24      19.     Plaintiff JOHN DOE II was employed by Defendant BUTLER AMUSEMENTS, INC.

25  as a guestworker on H-2B temporary visas in 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

26      20.     Every year in which Plaintiffs were employed by Defendant BUTLER

27  AMUSEMENTS, INC., Plaintiffs traveled from Mexico to California in early February to begin

28

1   employment with Defendant.

2        21.   Every year that Plaintiffs were employed by Defendant BUTLER AMUSEMENTS,

3   INC., Plaintiffs worked in the U.S. for approximately nine months of the year.

4        22.   Every year in which Plaintiffs were employed by Defendant BUTLER

5   AMUSEMENTS, INC., Plaintiffs traveled home to Mexico from California in late October or early

6   November after their employment with Defendant ended.

7   Defendant BUTLER AMUSEMENTS, INC. itself recruited and hired foreign workers, and also

8   recruited and hired foreign workers by and through its agents, including but not limited to JKJ

9   Workforce, Inc., James K. Judkins, Victor Apolinar, and/or Joe Angel Nichols.

10        23.   Every year in which Plaintiffs were employed by Defendant BUTLER

11   AMUSEMENTS, INC., Defendant BUTLER AMUSEMENTS, INC. designated various agents,

12   including but not limited to JKJ Workforce, Inc., James K. Judkins, Victor Apolinar, and/or Joe

13   Angel Nichols, and represented that for the purpose of labor certification Defendant BUTLER

14   AMUSEMENTS, INC. takes "full responsibility for accuracy of any representation made by my

15   agent."

16        24.   Every year in which Plaintiffs were employed by Defendant BUTLER

17   AMUSEMENTS, INC., these Contracts were fully and validly executed by Defendant BUTLER

18   AMUSEMENTS, INC. and/or its agents.

19        25.   Every year in which Plaintiffs were employed by Defendant BUTLER

20   AMUSEMENTS, INC., pursuant to these Contracts, Defendant BUTLER AMUSEMENTS, INC.

21   promised Plaintiffs certain rates of pay as specified in the Contracts.

22        26.   Every year in which Plaintiffs were employed by Defendant BUTLER

23   AMUSEMENTS, INC., Plaintiffs accepted these employment agreements and entered into valid

24   Contracts with Defendant BUTLER AMUSEMENTS, INC.

25        27.   Every year in which Plaintiffs were employed by Defendant BUTLER

26   AMUSEMENTS, INC., Plaintiffs satisfactorily performed all duties, conditions, covenants, and

27   promises required in accordance with the terms and conditions of the Contracts.

28

28.   Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Plaintiffs JOHN DOE I and JOHN DOE II completed two separate applications. The first was required by Defendant's agents, including but not limited to Victor Apolinar, when Plaintiffs were recruited in Mexico. The second was required directly by Defendant BUTLER AMUSEMENTS, INC. when Plaintiffs arrived in the United States.

29.   Each year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., James K. Judkins and/or Victor Apolinar of JKJ Workforce, Inc., on information and belief, met with Plaintiffs prior to their employment and before leaving Mexico to discuss their employment with Defendant BUTLER AMUSEMENTS INC.

30.   Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Plaintiffs were each required to pay Victor Apolinar of JKJ Workforce, Inc. between 2,500 Mexican pesos (MXN) (approximately $196 US Dollars) to 5,000 MXN (approximately $393 USD). On information and belief, Plaintiffs were told by Defendant's agents that these payments were to cover their recruitment, visa fees, and other related costs.

31.   In paying recruitment fees, Plaintiffs did so with the intent of working directly for Defendant BUTLER AMUSEMENTS, INC. These expenses served primarily for the benefit of Defendant BUTLER AMUSEMENTS, INC.

32.   Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Plaintiffs were each required to pay approximately 2,000 MXN (approximately $160 USD) to cover the costs of transportation from their home town in Mexico to the U.S. Consulate in Monterrey, Mexico for their visa interviews, as well as food and hotel costs during their required stays in Monterrey, Mexico.

33.   Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Plaintiffs were each required to pay, and not reimbursed for, approximately $200-$300 USD for return transportation to Mexico, as well as subsistence costs during that travel.

34.   Defendant BUTLER AMUSEMENTS, INC. was or should have been aware that its agents, including but not limited to James K. Judkins and/or Victor Apolinar of JKJ Workforce, Inc.,

1   charged Plaintiffs these fees for recruitment, visa, and other related costs.

2       35.    Defendant BUTLER AMUSEMENTS, INC. never reimbursed Plaintiffs for any of the

3   fees they were required to pay its agents, including but not limited to James K. Judkins and/or Victor

4   Apolinar of JKJ Workforce, Inc., each year, or for any of the other required costs and fees that

5   Plaintiffs incurred each year as a result of their employment with Defendant.

6       36.    Every year in which Plaintiffs were employed by Defendant BUTLER

7   AMUSEMENTS, INC., Defendant initially offered Plaintiffs employment through its agents,

8   including but not limited to James K. Judkins and/or Victor Apolinar of JKJ Workforce, Inc.

9       37.    Upon information and belief, and as required by the Department of Labor, every year in

10   which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Defendant was

11   required to prepare and/or review the following documents prior to employing Plaintiffs:

12           a.   United States Department of Labor, Employment Training Administration

13              (hereinafter "DOL ETA") Application for Alien Employment Certification

14              (hereinafter "ETA 750");

15           b.   Additional documents submitted to either the Immigration and Naturalization

16              Service (hereinafter "INS") and/or the United States Citizenship and Immigration

17              Services (hereinafter "USCIS") of the Department of Homeland Security and to

18              the Department of State;

19           c.   The regulations governing the foreign guestworker visas, 20 C.F.R. part 655;

20           d.   The written disclosure of the terms of employment offered by Defendant and

21              provided to Plaintiffs;

22       38.    Upon information and belief, and as required by the Department of Labor, every year in

23   which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Defendant and its

24   agent(s) certified, under penalty of perjury, that:

25           a.   "The wage offered equals or exceeds the prevailing wage and I guarantee that if a

26              labor certification is granted, the wage paid to the alien when the alien begins

27              work will equal or exceed the prevailing wage which is applicable at the time the

28

alien begins work."

     b. "The job opportunity's terms, conditions, and occupational environment are not contrary to Federal, State or local law."

39. Upon information and belief, and as required by the Department of Labor, Defendant BUTLER AMUSEMENTS, INC. certified under penalty of perjury that it would pay Plaintiffs, employed pursuant to a temporary H-2B visa:

     a. In 2009, $8.41 per hour, for no more than forty hours of work per week;

     b. In 2010, $340.00 per week, for no more than forty hours of work per week;

40. On information and belief, Defendant BUTLER AMUSEMENTS, INC., directly and through its agents, made promises to Plaintiffs concerning the terms and conditions of employment.

41. Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Plaintiffs traveled with Defendant to various Western states.

42. Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Plaintiffs traveled the same approximate route: they started in Indio, California, then traveled to Arizona, back to various counties in California, then to Nevada, returned to California, then traveled to Idaho and Nevada, and ended in California.

43. Plaintiffs were responsible for assembling, disassembling, operating, cleaning, maintaining, loading, and unloading amusement rides, as well as transporting rides between locations and other duties as assigned.

44. Plaintiffs generally worked between ten and fourteen hours a day, six or seven days per week.

45. Plaintiffs were required to work additional hours on days when they moved from one location to the next. On those days, after working a full shift at one fair location, Plaintiffs were then required to work through much of the night to disassemble and clean the rides at one location, pack them up and move them to the next location; then unpack, assemble, and prepare the rides for operation at the next location. On days when the fair moved locations, Plaintiffs were sometimes required to work 15-18 hour shifts or longer.

46.  Plaintiffs often worked between seventy (70) to eighty (80) hours in a week.

47.  Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Defendant failed to pay Plaintiffs a wage which equaled or exceeded the highest of the promised wage, the prevailing wage, the Federal, state, or local minimum wage.

48.  Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Defendant failed to comply with applicable Federal, State, and local employment-related laws and regulations, as well as state contract laws and laws against unfair competition.

49.  Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Defendant failed to fully compensate Plaintiffs for all hours worked including hours required by Defendant to be spent traveling from one job site to another via the company's transportation.

50.  Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Defendant paid wages in cash and failed to provide Plaintiffs with itemized paystubs or another form of wage statement.

51.  Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Defendant failed to maintain accurate records of hours worked by Plaintiffs.

52.  Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Defendant failed to pay or reimburse Plaintiffs for the costs of their recruitment fees, visa processing costs, or subsistence and travel costs of their departure and return transportation to Mexico.

53.  Every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC., Defendant failed to reimburse Plaintiffs for unlawful deductions taken from their pay.

54.  Defendant BUTLER AMUSEMENTS, INC. stopped recruiting Plaintiffs and did not rehire them after 2010.

55.  Plaintiffs remain unpaid by Defendant BUTLER AMUSEMENTS, INC. for these owed

wages and reimbursements from 2003 to 2010.

56.    As H-2B visa guestworkers, Plaintiffs pursue their claims for relief under pseudonyms and seek to preserve their anonymity during this litigation to avoid any threat of severe and extraordinary retaliatory harm.

57.    On March 7, 2013, in response to an initial demand letter from Plaintiffs, Plaintiffs and Defendant entered into an "Agreement to Toll Statutory Deadline to File Civil Complaint" which included a Confidentiality Agreement Addendum to protect Plaintiffs' identities.  The Tolling Agreement was subsequently amended and extended to include a tolling deadline of July 5, 2013. The parties sought to engage in good faith efforts to resolve this matter and did engage in informal settlement discussions, but have been unable to reach a meaningful resolution of Plaintiffs' claims. Plaintiffs file this complaint within the agreed-upon tolling deadline to preserve Plaintiffs' claims.

### FIRST CLAIM FOR RELIEF
**Failure to Pay Minimum Wage**
**Violation of FLSA**

58.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57 above as though fully contained herein.

59.    The federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, applied to Plaintiffs' employment with Defendant BUTLER AMUSEMENTS, INC. at all times relevant herein.

60.    Section 206(a)(1)(C) of the FLSA mandates that employers pay employees minimum wages for their work in an amount set by federal law.

61.    Under FLSA, the federal minimum wage is $7.25 per hour.  29 U.S.C. § 206.

62.    Section 218(a) of the FLSA provides that employers must pay such minimum wages as established by state law, should it be higher than the federal minimum.

63.    At all times relevant herein, Defendant willfully, intentionally, and with reckless disregard paid Plaintiffs fixed weekly rates (regardless of the number of hours worked), and/or hourly rates, that failed to pay Plaintiffs the minimum wage for all hours worked in violation of the FLSA.

64.    Plaintiffs often worked over seventy (70) and as many as eighty (80) hours in a week and were paid a salary that was under $400.00 per week.

65.    Because of Defendant's unlawful failure and refusal to pay Plaintiffs' minimum wages, Plaintiffs are entitled, pursuant to § 216(b) of the FLSA, to recover their unlawfully unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
**Failure to Pay Overtime Wages**
**Violation of FLSA**

66.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 65 above as though fully contained herein.

67.    The FLSA applied to Plaintiffs' employment with Defendant BUTLER AMUSEMENTS, INC. at all times relevant herein.

68.    Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime premium pay at not less than one and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of forty (40) hours in a week.

69.    At all times relevant herein, Defendant, willfully, intentionally, and with reckless disregard, paid Plaintiffs, both non-exempt employees, fixed weekly rates that fell far below the required overtime compensation for all hours worked in excess of forty (40) hours in a week in violation of FLSA, and despite Defendant's awareness of the requirement to compensate for overtime.

70.    Because of Defendant's unlawful failure and refusal to pay Plaintiffs' overtime wages, Plaintiffs are entitled to recover, pursuant to § 216(b) of the FLSA, their unlawfully unpaid overtime compensation, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
**Unlawful Deductions from Wages**
**Violation of FLSA**

71.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 70 above as though fully contained herein.

72.     The FLSA applied to Plaintiffs' employment with Defendant BUTLER AMUSEMENTS, INC. at all times relevant herein.

73.     Section 3(m) of the FLSA requires that visa fees, and other recruitment and transportation expenses, must be reimbursed during a guestworker's first workweek to the extent that they reduce the worker's wages below the minimum wage.

74.     FLSA regulations, 29 C.F.R § 531.32(c), stipulate that travel and visa expenses are considered to be "incident of and necessary to the employment" of guestworkers, and therefore must be borne by the employer.

75.     H-2B regulations, 20 C.F.R. § 655.22(g)(2), also prohibit an employer and/or its agents from seeking or receiving payments from prospective employees, and an employer is held responsible for paying any fees associated with recruiting foreign workers.

76.     Contrary to these requirements, and agreements between Butler Amusements, Inc. and JKJ Workforce, Inc., Defendant at all times required Plaintiffs to pay Defendant fees both directly and through its agent JKJ Workforce, Inc., James K. Judkins, and/or Victor Apolinar for the recruitment opportunity as well as costs for transportation, repatriation, food in transit and visas, and at no time reimbursed any of those fees/costs to Plaintiffs.

77.     The recruitment, transportation, visa, and processing fees charged by Defendant and its agents all operated as *de facto* involuntary deductions from Plaintiffs' wages.

78.     Because of Defendant's unlawful failure to reimburse for required employment-related expenses and Defendant's unlawful deduction for business expenses from Plaintiffs' wages, Plaintiffs are entitled under the FLSA to reimbursement of amounts to be proven at trial, as well as reasonable attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
**Failure to Pay Minimum Wages**
**Violation of the California Labor Code and IWC Wage Orders**

79.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 78

1 | above as though fully contained herein.

2 |     80.    The California Labor Code, Industrial Welfare Commission ("IWC") Wage Order 10-

3 | 2001, Cal. Code Regs. tit. 8, § 11100, and IWC Minimum Wage Order MW-2007, Cal. Code Regs.

4 | tit. 8, § 11010, applied to Plaintiffs' employment with Defendant BUTLER AMUSEMENTS, INC.

5 | at all times relevant herein.

6 |     81.    California Labor Code § 1194(a) provides that any employee receiving less than the

7 | legal minimum wage is entitled to recover the unpaid balance of the full amount of this minimum

8 | wage including interest thereon, reasonable attorney's fees, and costs of suit.

9 |     82.    California Labor Code § 1197, IWC Minimum Wage Order MW-2007, and IWC Wage

10 | Order 10 § 4(A) mandate that an employer shall pay all employees minimum wages for their work in

11 | an amount set by state law.  IWC Minimum Wage Order MW-2007 has mandated California's

12 | minimum wage from 2007 to the present.  IWC Minimum Wage Order MW-2001 mandated

13 | California's minimum wage from 2003 through 2007.

14 |     83.    At all times relevant herein, Defendant willfully and intentionally paid Plaintiffs fixed

15 | weekly rates (regardless of the number of hours worked), and/or hourly rates, that failed to pay

16 | Plaintiffs the minimum wage for all hours worked, in violation of the California Labor Code, IWC

17 | Wage Order 10, and IWC Minimum Wage Orders.

18 |     84.    Because of Defendant's unlawful failure and refusal to pay Plaintiffs' minimum,

19 | wages, Plaintiffs are entitled, pursuant to California Labor Code §§ 1194(a), 1194.2 and 1194.2(a),

20 | to recover their unlawfully unpaid minimum wages, including interest and liquidated damages

21 | thereon, in amounts to be proven at trial, as well as reasonable attorneys' fees and costs.

22 |

23 | **FIFTH CLAIM FOR RELIEF**
**Failure to Pay Overtime, and Doubletime Wages**

24 | **Violation of the California Labor Code and IWC Wage Orders**

25 |     85.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 84

26 | above as though fully contained herein.

27 |     86.    California Labor Code § 510(a) and IWC Wage Order 10 § 3(A) mandate that

28 | employees shall receive overtime premium pay of not less than one and one-half (1 1/2) times the

1    employee's regular rate for all hours worked in excess of eight (8) hours in any workday or forty (40)

2    hours in any workweek.

3        87.    Moreover, California Labor Code § 510 and IWC Wage Order 10 § 3(A) mandate that

4    employees shall receive doubletime premium pay of not less than two (2) times the employee's

5    regular rate for all hours worked in excess of twelve (12) hours in any workday and for all hours

6    worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

7        88.    California Labor Code § 1194(a) provides that any employee receiving less than the

8    legal overtime and doubletime compensation applicable to the employee is entitled to recover in a

9    civil action the unpaid balance of the full amount of this overtime and doubletime compensation,

10   including interest thereon, reasonable attorneys' fees, and costs of suit.

11       89.    At all times relevant herein, Defendant paid Plaintiffs, both non-exempt employees,

12   fixed weekly rates, regardless of the number of hours worked, that failed to pay Plaintiffs overtime

13   premium pay for all hours worked in excess of eight (8) hours in a workday and/or forty (40) hours

14   in a week, in violation of the California Labor Code and IWC Wage Order 10.

15       90.    At all times relevant herein, Defendant paid Plaintiffs fixed weekly rates, regardless of

16   the number of hours worked, that failed to pay Plaintiffs doubletime premium pay for all hours

17   worked in excess of twelve (12) hours in a workday and/or in excess of eight (8) hours on the

18   seventh (7th) consecutive day in a workweek, in violation of the California Labor Code and IWC

19   Wage Order 10.

20       91.    Because of Defendant's unlawful failure and refusal to pay Plaintiffs' overtime and

21   doubletime wages, Plaintiffs are entitled, pursuant to California Labor Code §§ 1194(a), 1194.2 and

22   1194.2(a), to recover their unlawfully unpaid overtime and doubletime wages, including interest and

23   liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorneys' fees

24   and costs.

### SIXTH CLAIM FOR RELIEF
**Unauthorized Deductions from Wages and Failure to Reimburse for Business Expenses
Violation of California Labor Code and IWC Wage Order 10**

28       92.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 91 above as

1    though fully set forth herein.

2        93.     The California Labor Code and IWC Wage Order 10 applied to Plaintiffs' employment

3    with Defendant BUTLER AMUSEMENTS, INC. at all times relevant herein.

4        94.     Pursuant to California Labor Code § 221, "It shall be unlawful for any employer to

5    collect or receive from an employee any part of wages theretofore paid by said employer to said

6    employee."

7        95.     Section 2802 of the California Labor Code provides that it is unlawful to require

8    employees to expend monies or indemnify their employer for losses in direct consequence of the

9    discharge of their duties.

10        96.     At all times relevant herein, Defendant willfully and intentionally required Plaintiffs to

11    pay monies to cover recruitment, visas, transportation, and other employment-related fees and costs.

12        97.     Defendant BUTLER AMUSEMENTS, INC. never reimbursed Plaintiffs for any of the

13    fees or costs they incurred each year as a result of their recruitment and employment with Defendant

14    as H-2B visa guestworkers.

15        98.     Because of Defendant's unlawful failure to reimburse for required employment-related

16    expenses and Defendant's unlawful deductions for business expenses from Plaintiffs wages, pursuant

17    to California's Labor Code Plaintiffs are entitled to recover these fees and costs associated with their

18    recruitment and employment with Defendant as H-2B visa guestworkers, in amounts to be proven at

19    trial, as well as interest and costs.

20

### SEVENTH CLAIM FOR RELIEF
**Breach of California Contract Law**

21

22        99.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 98 above as

23    though fully set forth herein.

24        100.     Through its offers of employment, applications for alien employment certification

25    and petitions for nonimmigrant workers filed with the Department of Labor–Employment Training

26    Administration and the United States Citizenship and Immigration Services, Defendant entered into

27    written employment contracts with Plaintiffs.

28        101.     Defendant and its agents through the H-2B visa certification process certified,

1  promised, and guaranteed under penalty of perjury that they:

     a.  "…[H]ave enough funds available to pay the wage or salary offered the alien."

     b.  "…[G]uarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work."

     c.  "…[W]ill be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States."

     d.  "The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law."

102.    Defendant entered into fully-executed and valid Contracts with Plaintiffs both directly and by taking "full responsibility for accuracy of any representation made by [its] agent[s]" for purposes of labor certification.  Defendant promised certain rates of pay in the Contracts.

103.    Plaintiffs accepted these employment agreements and satisfactorily performed their duties every year in which Plaintiffs were employed by Defendant BUTLER AMUSEMENTS, INC. Plaintiffs have performed all conditions, covenants, and promises required in accordance with the terms and conditions of the Contracts.

104.    Contrary to Defendant's representations to adequately compensate Plaintiffs under the promised rates of pay, Defendant at all times failed to adequately pay all wages owed, required workers to pay recruitment and visa fees and costs, and at no time reimbursed any of those fees/costs to Plaintiffs.

105.    By failing to pay the amounts due to Plaintiffs under the Contracts, Defendant has breached the terms of the Contracts.

106.    As a proximate result of Defendant's breach of contract, Plaintiffs have suffered and continue to suffer substantial losses in compensation which they should have received had Defendant not breached said Contracts.  Plaintiffs are therefore entitled to recover damages for Defendant's breach, in amounts to be proven at trial.

## EIGHTH CLAIM FOR RELIEF
### Waiting Time Penalties
### Under the California Labor Code

107.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 106 above as though fully set forth herein.

108.    The California Labor Code applied to Plaintiffs' employment with Defendant at all times relevant herein.

109.    California Labor Code §§ 201 and 202 mandates that an employer pay its employees all earned wages immediately upon discharge or within 72 hours of the employee's resignation. California Labor Code § 203 authorizes an employee to recover waiting time penalties in an amount equal to the employee's daily wages for up to thirty (30) days if an employer willfully fails to pay any wages earned and due to the employee within the timeframes required by Labor Code §§ 201 and 202.

110.    At all relevant times during their employment, Defendant willfully failed to pay Plaintiffs all minimum, overtime, and doubletime wages due as set forth in the California Labor Code and IWC Wage Order.  Defendant willfully failed to pay Plaintiffs all wages owed to them immediately upon their discharge, and such earned wages remain unpaid, in violation of the Labor Code.  Since their separation from employment, Plaintiffs demanded that Defendant pay their owed wages.  To date Defendant has willfully and intentionally refused, and continue to refuse, to pay Plaintiffs' owed wages in violation of the California Labor Code.

111.    Pursuant to California Labor Code § 203, Plaintiffs are entitled to waiting time penalties in an amount equal to thirty (30) days' wages, to be proven at trial.

## NINTH CLAIM FOR RELIEF
### Unfair Business Practice
### Violation of California Business & Professions Code

112.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 111 above as though fully contained herein.

113.    The California Business and Professions Code applied to Plaintiffs' employment with Defendant BUTLER AMUSEMENTS, INC. at all times relevant herein.

114.    California Business & Professions Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice."

115.    Defendant committed unlawful and unfair business practices, including but not limited to all of the unlawful policies and practices described in the First through Eighth Claims for Relief set out in Paragraphs 1 through 111 above.

116.    Plaintiffs have suffered "injuries in fact" as a result of these unlawful and unfair business practices, including *inter alia*, unpaid minimum wages, unpaid overtime, unfurnished wage statements, unpaid work-related required travel and visa expenses, unlawful deductions from wages, and unreimbursed business expenses.   Defendant's unlawful and unfair business practices have also injured Plaintiffs by making it more difficult for them to determine the exact amount of wages and other entitlements owed to them by Defendant.

117.    Plaintiffs are informed and believe, and based upon such information and belief allege that by engaging in the unfair and unlawful business practices complained of herein, Defendant was able to lower its labor costs and thereby obtain a competitive advantage over law-abiding employers with which it competes.

118.    Plaintiffs are entitled to restitution, pursuant to California Business & Professions Code § 17203, of any money or property acquired by Defendant by means of the unlawful and unfair business practices described herein, in amounts to be proven at trial.  It would be inequitable and result in a miscarriage of justice for Defendant to continue to retain the property of Plaintiffs.

119.    Plaintiffs are entitled to injunctive relief, pursuant to California Business & Professions Code § 17203, against Defendant's continuation of the unlawful and unfair business practices described herein.

120.    Plaintiffs take upon themselves the enforcement of the aforementioned laws and lawful claims.  Enforcement of California's laws is in the public interest.  There is a financial burden incurred in pursing this action.  Plaintiffs therefore seek recovery of attorney's fees as provided by California Code of Civil Procedure § 1021.5.

## DECLARATORY RELIEF ALLEGATIONS

121.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 120 above as though fully set forth herein.

122.    A present and actual controversy exists between Plaintiffs and Defendant concerning their rights and respective duties.  Plaintiffs contend that Defendant violated their rights under the FLSA, the California Labor Code, the California Business & Professions Code and California's IWC Wage Orders.  Plaintiffs are informed and believe and thereon allege that Defendant denies any liability to them.  Plaintiffs seek a judicial declaration of the rights and duties of the respective parties.  Declaratory relief is therefore necessary and appropriate.

123.    Plaintiffs have suffered injury in fact and have lost money as a result of Defendant's unlawful and unfair business practices and acts, and are therefore authorized to pursue injunctive relief against Defendant that is necessary to prevent further unfair business practices and acts.

124.    Defendant acted or failed to act as herein alleged with malice or reckless disregard to the protected rights of Plaintiffs, and Plaintiffs are thus entitled to recover punitive damages in an amount to be determined according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court enter judgment against Defendant as follows:

1.    A declaratory judgment that Defendant's actions complained of herein have violated Plaintiffs JOHN DOE I's and JOHN DOE II's rights under the FLSA, the California Labor Code, the California Business and Professions Code, and California's IWC Minimum Wage Orders and Wage Order No. 10;

2.    All unpaid wages due, including regular time, minimum wage, overtime, and statutory prejudgment interest pursuant to 29 U.S.C. § 216(b);

3.    All unpaid wages due, including regular time, minimum wage, overtime and doubletime, and statutory prejudgment interest pursuant to California Labor Code §§ 510, 1194, 1182.12, 201, and 204;

4.      An award of liquidated damages for non-payment of overtime wages pursuant to 29 U.S.C. § 216(b) and for non-payment of minimum wages  pursuant to California Labor Code § 1194.2(a), in an amount to be determined at trial;

5.      Restitution of Defendant's unlawful failure to reimburse, unlawful deductions for business expenses, employment benefits, and other compensation denied or lost to Plaintiffs to date by reason of Defendant's unlawful acts, according to proof and as authorized under the FLSA and the California Labor Code;

6.      Damages pursuant to Defendant's breach of California contract law, in an amount to be determined at trial;

7.      Waiting time penalty damages of thirty days' wages to Plaintiffs, pursuant to California Labor Code 203 in an amount to be determined at trial;

8.      An award of general, compensatory, and special damages according to proof;

9.      Reasonable attorneys' fees and costs of suit pursuant to FLSA § 216(b), California Labor Code § 1194(a), and other laws;

10.      Such other and further relief as this Court deems just and proper.


Dated: July 1, 2013                         Respectfully submitted,

                                            Denise Hulett
                                            Fernando Flores
                                            Charlotte Noss
                                            LEGAL AID SOCIETY –
                                                EMPLOYMENT LAW CENTER

                                            Jessica Stender
                                            CENTRO DE LOS DERECHOS
                                                DEL MIGRANTE, INC.


                            By:      /s/ Fernando Flores
                                     FERNANDO FLORES
                                     Attorneys for Plaintiff

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

Dated:  July 1, 2013                                    Respectfully submitted,

                                                                  Denise Hulett
                                                                  Fernando Flores
                                                                  Charlotte Noss
                                                                  LEGAL AID SOCIETY –
                                                                      EMPLOYMENT LAW CENTER

                                                                  Jessica Stender
                                                                  CENTRO DE LOS DERECHOS
                                                                      DEL MIGRANTE, INC.


                                              By:     /s/ Fernando Flores
                                                                  FERNANDO FLORES
                                                                  Attorneys for Plaintiff